UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-CV-80192-BER

SYLVIA CARAVETTA,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

_____/

**ORDER RECOMMENDING DISMISSAL OF COMPLAINT**

*Pro se* plaintiff, Sylvia Caravetta, brings this action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2674 ("FTCA"), alleging that the U.S. Department of Housing and Urban Development ("HUD") negligently failed to intervene when various entities and individuals discriminated against her. ECF No. 1. She seeks monetary damages. *Id.*

Ms. Caravetta is proceeding *in forma pauperis*; thus, her Complaint is subject to screening under 28 U.S.C. § 1915(e), which provides that "the court shall dismiss the case at any time if the court determines that...the action...(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§1915(e)(2)(B).[1] For reasons discussed below, this Court lacks subject matter jurisdiction because the United States is immune from suit. Accordingly, I **RECOMMEND** that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

## I.     BACKGROUND AND FACTUAL ALLEGATIONS

The following allegations are taken from the Complaint and accepted as true for purposes of this Report and Recommendation. Ms. Caravetta is a 64-year-old, disabled, low-income individual who suffers from "mental health disabling conditions," diabetes, and other health issues. ECF No. 1 at 1. Her housing community took various actions, including denying her disability accommodation requests; barring her from community facilities such as indoor pools and gyms; refusing to "re-validate" her community identification badge; denying her access to HOA meetings; preventing her from taking photos or videos of the community property; ignoring vandalism to her vehicle and property; failing to file an insurance claim; overcharging her for HOA fees; and allowing employees, residents, and police officers to harass her. *Id.* at 4–8. These actions have exacerbated her health

---

[1] When a plaintiff is proceeding *pro se*, the Court must liberally construe the *pro se* pleadings and hold them to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

conditions, caused her to significantly reduce her exercise because she is barred from indoor facilities, and resulted in "ongoing anxiety and depression." *Id*. at 8.

In 2018, Ms. Caravetta filed a Fair Housing Act disability discrimination complaint against her housing community with HUD, which investigated the complaint. *Id*. at 1. During the pendency of the investigation, the housing community sought an injunction against her "to overturn the lawful accommodation" that was in place. *Id*. HUD ignored the injunction and refused to get involved in the court proceedings. *Id*. at 1–2. From 2018 through 2025, Ms. Caravetta continued filing complaints with HUD regarding the aforementioned actions by the HOA and police officers, and the complaints were dismissed. *Id*. at 2. When Ms. Caravetta contacted HUD, employees told her HUD would not be further investigating her complaints. *Id*. Her 2018 complaint was referred to the Palm Beach County Office of Equal Opportunity ("PBOEO"), which returned the complaint to HUD citing a conflict of interest. *Id*. HUD referred her subsequent complaints to PBOEO, which "ignored" her evidence and dismissed all the complaints. *Id*.

Ms. Caravetta submitted an administrative claim on a Standard Form 95 to HUD on May 29, 2025. *Id*. at 1. HUD denied her claim on December 10, 2025. *Id*. The Complaint alleges that HUD "failed for eight years, and continuing, to take any action whatsoever in ongoing disability discrimination and other Fair Housing Act violations." *Id*. at 1. The Complaint does not attach the SF-95, nor does it allege a sum certain she seeks in damages. *Id*. However, the Complaint demands

$1,000,000,000 for "irreparable damage to [her] emotional, psychological, mental, and physical health." *Id.* at 8.

## II.    LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 8(a).

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.* Twombly, 550 U.S. 554, 556 (2007)). Under the screening provisions of 28 U.S.C. § 1915(e) that apply to *pro se* litigants proceeding *in forma pauperis*, the court must dismiss a complaint that fails to state a claim for relief or that seeks relief against a party immune from suit. 28 U.S.C. § 1915(e)(2)(B). In addition, a district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). "Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020).

### B.  FTCA and the Discretionary Function Exception

The United States of America, as a sovereign, is immune from suit unless it consents to be sued. *Ctr. for Bio. Diversity v. Hamilton,* 453 F.3d 1331, 1335 (11th Cir. 2006). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *Id.* (quoting *United*

4

*States v. Mottaz,* 476 U.S. 834, 841 (1986)). The FTCA provides a limited waiver of this sovereign immunity, allowing the United States to be held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 1346(b)(1). There are several exceptions to the FTCA's waiver of sovereign immunity, and "if the alleged conduct falls within one of these excluded categories, the court lacks subject matter jurisdiction over the action." *JBP Acquisitions, LP v. United States,* 224 F.3d 1260, 1263–64 (11th Cir. 2000). Once of these exceptions, is the "discretionary function exception." *U.S. Aviation Underwriters, Inc. v. United States,* 562 F.3d 1297, 1299 (11th Cir. 2009).

"The discretionary function exception excludes from the FTCA's broad waiver of sovereign immunity '[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Id.* (quoting 28 U.S.C. § 2680(a)). The purpose of the discretionary function exception is to "prevent judicial second guessing" of "administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Williams v. United States,* 314 F. App'x 253, 257–58 (11th Cir. 2009) (quoting *United States v. Gaubert,* 499 U.S. 315, 322–23 (1991)).

The Eleventh Circuit has "consistently treated the discretionary-function exception to the FTCA's waiver of sovereign immunity as a matter affecting the district court's subject-matter jurisdiction." *Cuadrado-Concepcion v. United States*, 851 F. App'x 985, 989 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 407 (2021) (affirming

the district court's dismissal of plaintiff's complaint for lack of subject matter jurisdiction based on the discretionary function exception); *Rodriguez v. United States*, 415 F. App'x 143, 147 (11th Cir. 2011). *Ill. Metro. Inv. Fund v. United States*, 773 F. App'x 540, 542 (11th Cir. 2019) ("When the discretionary function exception applies to a claim, the federal court lacks subject-matter jurisdiction over the claim.") (citing *Swafford v. United States*, 839 F.3d 1365, 1369 (11th Cir. 2016)).

Courts apply a two-part test for determining whether a government employee's action or omission falls within the discretionary function exception. *Gaubert,* 499 U.S. at 322–23; *Autery v. United States,* 992 F.2d 1523, 1526 (11th Cir. 1993). First, the court considers the nature of the conduct and determine whether it involves "an element of judgment or choice." *Gaubert,* 499 U.S. at 322 (citation omitted); *see also Powers v. United States,* 996 F.2d 1121, 1124 (11th Cir. 1993). Second, if the conduct at issue involves the exercise of judgment, the court must determine whether that judgment is grounded in considerations of public policy. *Gaubert,* 499 U.S. at 322–23. "In making this determination, we do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." *Cohen v. United States,* 151 F.3d 1338, 1341 (11th Cir. 1998) (quoting *Ochran v. United States,* 117 F.3d 495, 500 (11th Cir. 1997)).

### III.   DISCUSSION

This Court lacks subject matter jurisdiction over Ms. Caravetta's claims because the discretionary function exception to the FTCA's waiver of sovereign

6

immunity applies. First, the conduct at issue involves elements of judgment or choice, as HUD had discretion to determine how to handle Ms. Caravetta's complaints. HUD investigated Ms. Caravetta's complaints and referred them to PBOEO; Ms. Caravetta simply does not approve of the way those investigations were conducted and the outcomes that resulted. Courts routinely hold that agency determinations regarding investigations fall under the FTCA's discretionary function exception. *See, e.g., Zelaya v. United States*, 781 F.3d 1315 (11th Cir. 2015) (discretionary function exception applies to agencies' investigatory decisions); *Ill. Metro.*, 773 F. App'x at 542–43 (the "decision of how much investigation to conduct is precisely the type of governmental decision that the discretionary function exception was designed to protect."); *Mesa v. United States*, 837 F. Supp. 1210, 1214 (S.D. Fla. 1993) (citing cases and explaining that "investigative functions are plainly within the discretionary function exception").

In addition, the Complaint identifies no statutes, regulations, or other directives requiring HUD to take specific actions on Ms. Caravetta's complaints, nor does it allege HUD violated a particular policy. *See Zelaya*, 781 F.3d at 1332 (regulations that do not prescribe a particular course of action show that the agency has discretion); *Fin. Indus. Assoc. v. Ward*, No. 10-CV-408, 2014 WL 11444189, at *8 (M.D. Fla. Aug. 14, 2014) (discretionary function exception applied when complaint failed to allege agency violated mandatory obligations imposed by a specific rule regulation, or policy).

Second, an agency's judgment about an investigation is grounded in public policy considerations. *See Littell v. United States*, 191 F. Supp. 2d 1338, 1345 (M.D. Fla. 2002) ("[T]he ability of an investigator to choose the way in which an investigation will proceed is undoubtedly grounded in considerations of public policy."). Here, HUD must be able to make decisions on which investigations to pursue and to allocate resources appropriately. Its decisions not to interfere with the actions of Ms. Caravetta's HOA, local police officers, and neighbors were clearly discretionary and grounded in public policy considerations. To require HUD to intervene in every allegedly discriminatory housing complaint would lead to the overburdening of government operations that the discretionary function exception was designed to prevent. *See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984) ("Without this exception, government operations would be burdened, if not paralyzed, by courts "second-guessing ... legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.").

## IV.    CONCLUSION

Because the discretionary function exception to the FTCA applies to Ms. Caravetta's claim, this Court is without subject matter jurisdiction, and the Complaint must be dismissed without prejudice. *E.g., Swauger v. Dep't of Def. - Def. Intel. Agency,* 852 F. App'x 393, 396 (11th Cir. 2021) (dismissal for lack of subject-matter jurisdiction is without prejudice). A district court need not allow an amendment to a complaint where the amendment would be futile. *Bryant v. Dupree,*

8

252 F.3d 1161, 1163 (11th Cir. 2001). Here, while it is highly unlikely that Ms. Caravetta can cure the deficiencies in her Complaint, she is proceeding *pro se* and has had only one opportunity to set forth her allegations. If she believes that she can cure the deficiencies in the Complaint, she should file a Motion for Leave to Amend and should attach the proposed Amended Complaint to that motion.

## RECOMMENDATION

For these reasons, I **RECOMMEND** that the Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to amend.

## DISTRICT JUDGE ASSIGNMENT

Pursuant to Administrative Order 2025-11, I submit my findings in a Report and Recommendation because neither Ms. Caravetta nor the unserved defendant has consented to Magistrate Judge Jurisdiction. *Compare Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin,* 860 F.3d 461, 475 (7th Cir. 2017) (Magistrate Judge lacked jurisdiction to dismiss *pro se, in forma pauperis,* complaint without consent from unserved defendant); *with Neals v. Norwood,* 59 F.3d 530, 532 (5th Cir. 1995) (consent not required from unserved defendant) (cited favorably for different proposition in *Davis v. Davis,* 551 F. App'x 991, 996 (11th Cir. 2014)).

**Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to this case.**

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the assigned District Judge, within **FOURTEEN (14) DAYS**

of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of April 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE